NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ALVARADO,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>B. CURRY, Warden,<br><br>　　　　Respondent. | No. C 08-02423 JF (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Parole Hearings ("BPH") to deny him parole. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

On September 13, 1979, Petitioner was sentenced to a term of twenty-seven years-to-life in state prison after his conviction for first degree murder in County of Santa Clara Superior Court. Petitioner challenges the BPH's decision denying him parole after his May 31, 2007 parole suitability hearing. Petitioner filed habeas petitions in the state superior court, state appellate court, and the state supreme court, all of which were denied

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.08\Alvarado02423_osc-parole.wpd            1

as of March 12, 2008.  Petitioner filed the instant federal petition on May 12, 2008.

## DISCUSSION

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges: (1) the BPH's decision to deny parole was arbitrary and not supported by "some evidence" containing an indicia of reliability; (2) the denial of parole violated Petitioner's liberty interest right in parole; and (3) the BPH violated due process in continuing to rely on unchanging facts of the crime.  Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 3) upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a

1 copy of all portions of the state parole record that have been transcribed previously and
2 that are relevant to a determination of the issues presented by the petition.
3     If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
4 with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the
5 answer.
6     3. Respondent may file a motion to dismiss on procedural grounds in lieu of
7 an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
8 Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
9 with the Court and serve on Respondent an opposition or statement of non-opposition
10 **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court
11 and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.
12     4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded
13 that all communications with the Court must be served on respondent by mailing a true
14 copy of the document to Respondent's counsel. Petitioner must keep the Court and all
15 parties informed of any change of address by filing a separate paper captioned "Notice of
16 Change of Address." He must comply with the Court's orders in a timely fashion.
17 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
18 to Federal Rule of Civil Procedure 41(b).
19     IT IS SO ORDERED.
20 DATED: __7/18/08_____

    JEREMY FOGEL
    United States District Judge