NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO ALVARADO, | ) | No. C 08-02423 JF (PR) |
| Petitioner, | ) ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) | |
| B. CURRY, Warden, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Prison Terms ("the Board") denying him parole. The Court found that the petition stated cognizable claims and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition, and Petitioner filed a traverse. Having reviewed the papers and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claims presented and will deny the petition.

///

///

///

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.08\Alvarado02423_denyHC-parole.wpd

# BACKGROUND

On September 13, 1979, Petitioner was sentenced to a term of twenty-seven years-to-life in state prison after his conviction for first degree murder in the Santa Clara Superior Court. Petitioner challenges the Board's decision denying him parole following his May 31, 2007 parole suitability hearing. Petitioner filed habeas petitions in the state superior, appellate, and supreme courts, all of which were denied as of March 12, 2008. Petitioner filed the instant federal petition on May 12, 2008.

# DISCUSSION

## I. Standard of Review

This Court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003). The standard for "objectively unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss of error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Where, as here, the highest state court to consider Petitioner's claims issued a summary opinion which does not explain the rationale of its decision, federal review under § 2254(d) is of the last state court opinion to reach the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000). In this case, the last state court opinion to address the merits of Petitioner's claims is the opinion of the California Superior Court for the County of Santa Clara. (Pet., Ex. G (In re Antonio A. Alvarado, No. 67828, Nov. 16, 2007).)

**II.**   **Legal Claims and Analysis**

As grounds for federal habeas relief, Petitioner alleges that: (1) the Board's decision to deny parole was arbitrary and not supported by "some evidence" containing an indicia of reliability; (2) the denial of parole violated Petitioner's liberty interest right

in parole; and (3) the Board violated due process in continuing to rely on unchanging facts of Petitioner's crime.

The Ninth Circuit has determined that a California prisoner with a sentence of a term of years to life with the possibility of parole has a protected liberty interest in release on parole and therefore a right to due process in the parole suitability proceedings. See McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002) (citing Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1 (1979)). See also Irons v. Carey, 505 F.3d 846, 851 (9th Cir.), reh'g and reh'g en banc denied, 506 F.3d 951 (9th Cir. 2007); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir. 2006), reh'g and reh'g en banc denied, No. 05-16455 (9th Cir. Feb. 13, 2007); Biggs v. Terhune, 334 F.3d 910, 915-16 (9th Cir. 2003). In accordance with this circuit's precedent, the Court will review whether the Board's decision to deny parole comports with due process.

A parole board's decision must be supported by "some evidence" to satisfy the requirements of due process. Sass, 461 F.3d at 1128-29 (adopting "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)). The standard of "some evidence" is met if there was some evidence from which the conclusion of the administrative tribunal may be deduced. See Hill, 472 U.S. at 455. An examination of the entire record is not required, nor is an independent assessment of the credibility of witnesses nor weighing of the evidence. Id. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the Board. See id. Accordingly, "if the Board's determination of parole suitability is to satisfy due process there must be some evidence, with some indicia of reliability, to support the decision." Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005) (citing McQuillion, 306 F.3d at 904).

When assessing whether a state parole board's suitability determination was supported by "some evidence," the court's analysis is framed by the statutes and regulations governing parole suitability determinations in the relevant state. Irons, 505

F.3d at 850. Accordingly, in California, the court must look to California law to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision constituted an unreasonable application of the "some evidence" principle. Id.

California Code of Regulations, title 15, section 2402(a) provides that "[t]he panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code of Regs., tit. 15, § 2402(a). The regulations direct the Board to consider "all relevant, reliable information available." Cal. Code of Regs., tit. 15, § 2402(b). Further, the regulations enumerate various circumstances tending to indicate whether or not an inmate is suitable for parole. Cal. Code of Regs., tit. 15, § 2402(c)-(d).[1]

Recently, the Ninth Circuit reheard en banc the panel decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, 527 F.3d 797 (9th. Cir. 2008), which presented a state prisoner's due process habeas challenge to the denial of parole. The panel opinion concluded that the gravity of the commitment offense had no predictive value regarding the petitioner's suitability for parole and held that the governor's reversal of parole was not supported by some evidence and resulted in a due process violation. 512 F.3d at 546-47. The Ninth Circuit has not yet issued an en banc

---

[1] The circumstances tending to show an inmate's unsuitability are: (1) the commitment offense was committed in an "especially heinous, atrocious or cruel manner;" (2) previous record of violence; (3) unstable social history; (4) sadistic sexual offenses; (5) psychological factors such as a "lengthy history of severe mental problems related to the offense;" and (6) prison misconduct. Cal. Code of Regs., tit. 15, § 2402(c). The circumstances tending to show suitability are: (1) no juvenile record; (2) stable social history; (3) signs of remorse; (4) commitment offense was committed as a result of stress which built up over time; (5) Battered Woman Syndrome; (6) lack of criminal history; (7) age is such that it reduces the possibility of recidivism; (8) plans for future including development of marketable skills; and (9) institutional activities that indicate ability to function within the law. Cal. Code of Regs., tit., 15 § 2402(d).

1  decision in Hayward.

2  Unless or until the en banc Ninth Circuit court overrules the holdings in Biggs, Sass, and Irons, it remains the law in this circuit that a prisoner's right to due process is satisfied if some evidence supports the Board's parole suitability decision. Sass, 461 F.3d at 1128-29. The Ninth Circuit has also held that the Board may rely on "immutable" events, such as the nature of the conviction offense and pre-conviction criminality, to find that the prisoner is not currently suitable for parole. Id. at 1129. However, over time, because the commitment offense and pre-conviction behavior become less reliable predictors of danger to society, repeated denial of parole based solely on immutable events, regardless of the extent of rehabilitation during incarceration, could violate due process at some point after the prisoner serves the minimum term on his sentence. See Irons, 505 F.3d at 853-54 .

The record shows that on May 31, 2007, Petitioner appeared with counsel before the Board for a parole consideration hearing. (Hearing Transcript ("HT") at 2 (Pet., Ex. A).) The Board's decision to deny parole in this case was based upon its review of the nature of the commitment offense, Petitioner's prior criminal and social history, and behavior and programming during imprisonment. (Id. at 7.) The Board concluded that Petitioner was "not yet suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison." (Id. at 69.)

The Board first considered Petitioner's criminal history. The Board found that Petitioner's commitment offense had been committed "in an especially cruel and callous manner in that [Petitioner] stabbed [the victim] with a butcher knife, then chased [the victim], inflicting the fatal stab wound in the parking lot of an apartment complex, piercing [the victim's] chest and pulmonary artery." (Id. at 69.) The Board also found that Petitioner had shot and killed [another victim] in another offense in a "dispassionate and calculated matter," using a loaded 22-caliber pistol. (Id. at 70.) The Board explained that "[p]ublic safety was at risk in both... crimes," and yet Petitioner had shown "precious little insight to no insight at all" into these crimes, as evidenced by his inaccurate

description of his crimes at a previous parole hearing and refusal to discuss the crimes at his 2007 parole hearing. (Id. at 80.) The Board noted that Petitioner's "massive history of violations," which began from a very young age, included "weapons offenses, assaults, prior criminality, including burglaries, property offenses, drugs, destruction of property, crimes against police officers," and that Petitioner's record included "juvenile parole, adult probation, juvenile probation... county jail time," and "possession of narcotics charges, property crimes, driving under the influence, under the influence crimes and assault crimes." (Id. at 70-71.) Petitioner's criminal history and record impacted his psychological report, in which the psychologist assessed Petitioner as being "in the high range in terms of his likelihood to commit future violent acts when compared to other inmates with similar crimes," based on factors such as Petitioner's age (32) when he committed the crime, his criminal history, "unstable relationships... [and] employment," history of substance abuse, and previous failures when under supervision. (Id. at 73-74.)

In addition to Petitioner's criminal history, the Board also considered Petitioner's efforts to rehabilitate himself. The Board noted that Petitioner attended Narcotics Anonymous ("NA") and Alcoholics Anonymous ("AA"), but found that he had only been sporadically involved in the two groups and had not internalized the steps needed for effectively dealing with substance abuse. (Id. at 72.) The Board also found that Petitioner's parole plans "need[ed] to be... reinforced... and planned," especially in terms of finding a reentry program and obtaining a job offer. (Id. at 74.)

The Board acknowledged the presence of several factors tending to show suitability: 1) lack of disciplinary actions since 1993 (id. at 72); 2) participation in volunteer activities (id.); 3) some participation in NA and AA (id.); and 4) development of machine shop skills (id. at 74.). However, the Board concluded that the positive aspects did not outweigh the factors of unsuitability and denied parole for four years. (Id. at 85.)

In its order denying habeas relief, the state superior court stated in a brief opinion that "[w]hile the Board may have committed error in failing to explain why it categorized

1  Petitioner's life offense [sic] exceptional, the Board's reliance on Petitioner [sic]
2  numerous other crimes presently still supports a parole denial." (Pet., Ex. G.)

3　　　　Petitioner claims that the Board's decision denying him parole was arbitrary and
4  not supported by "some evidence" containing an indicia of reliability.  (Id. at 5-8.).
5  Petitioner argues that the Board relied only on improper evidence, i.e., the unchanging
6  facts of his original crime.  (Id., Ex. G.)  This claim is without merit.  The state superior
7  court noted explicitly that it was not relying on the Board's evaluation of Petitioner's
8  "lifetime offense," i.e. the commitment offense, in upholding the denial.  (Id.)  The state
9  court found that the Board properly relied on evidence of Petitioner's other crimes in
10 denying parole.  (Id.)  Petitioner does not challenge the reliability of the evidence cited by
11 the Board in discussing his criminal history prior to his commitment offense.  Therefore,
12 the state superior court properly found that there was "some evidence" to support the
13 Board's decision.

14　　　　Petitioner also claims that the Board violated his due process rights in continuing
15 to rely on unchanging facts of Petitioner's crime, even in the face of his rehabilitation.
16 (Pet. at 16-29.)  Although Respondent points out that there is no Supreme Court precedent
17 prohibiting a parole board from relying on the unchanging facts of a prisoner's crime,
18 (Resp't at 7), the Ninth Circuit has cautioned that where the prisoner has served the
19 minimum sentence and demonstrated "substantial evidence" of rehabilitation, reliance on
20 unchanging facts could violate due process.  Irons, 505 F.3d at 853-54.  However, even
21 assuming that the Board may not rely on unchanging facts, the Board's decision in this
22 case still comports with the requirements of due process, because its decision to deny
23 parole was based on mutable as well as immutable facts.  Specifically, the Board cited
24 not only Petitioner's prior convictions but also his failure to show remorse for his
25 commitment offenses, fully address his substance abuse issues, and develop more
26 substantive post-parole plans.  (HT at 72, 74, 80, 82-83.)  Accordingly, it cannot be said
27 that Petitioner has demonstrated "substantial evidence" of rehabilitation such that denial
28 of parole would raise due process concerns.  Irons, 505 F.3d at 853-54.

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.08\Alvarado02423_denyHC-parole.wpd

1  This Court concludes that Petitioner's due process rights were not violated by the
2  Board's decision to deny parole.  Accordingly, the state courts' decisions were not
3  contrary to, or an unreasonable application of, clearly established Supreme Court
4  precedent, nor were they based on an unreasonable determination of the facts in light of
5  the evidence presented.  See 28 U.S.C. § 2254(d)(1), (2).

## CONCLUSION

The Court concludes that Petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings and parole hearing. Accordingly, the petition for writ of habeas corpus is DENIED.

IT IS SO ORDERED.

Dated: 12/11/09

JEREMY FOGEL
United States District Judge

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.08\Alvarado02423_denyHC-parole.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ALVARADO,<br><br>        Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>        Respondent.<br>                                     / | Case Number: CV08-02423 JF<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  12/22/09 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Antonio Alvarado C-09142
California Men's Colony State Prison
PO Box 8101
Cell#: 3321
San Luis Obispo, CA 93409-8101


Dated:  12/22/09

                                                          Richard W. Wieking, Clerk